UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
CATHLEEN BEAN,                                      )
                                                    )
        Plaintiff,                                  )
                                                    )
        v.                                          )        Civil Action No. 19-11791-NMG
                                                    )
THE BANK OF NEW YORK MELLON                         )
f/k/a THE BANK OF NEW YORK, AS                      )
TRUSTEE FOR THE CERTIFICATE                         )
HOLDERS OF CWABS, INC.                              )
ASSET-BACKED CERTIFICATES                           )
SERIES 2007-2, et al.,                              )
                                                    )
        Defendants.                                 )
_____)

REPORT AND RECOMMENDATION[1]
[Docket Nos. 9, 11, 14]

January 28, 2020

Boal, M.J.

        In this action, plaintiff Cathleen Bean challenges actions leading to the foreclosure of her

residence.  Defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee

for the Certificateholders of CWABS, Inc. Asset-Backed Certificates Series 2007-2 (the

"Trustee") and Bank of New York Mellon Corp. ("BNYM") (collectively, the "BNYM

Defendants") removed the action to this Court.  Docket No. 1.  Bean has moved to remand the

action to state court.  Docket No. 9.  The BNYM Defendants and defendant Orlans PC

("Orlans") have moved to dismiss the Complaint.  Docket Nos. 11, 14.  For the following

reasons, I recommend that Judge Gorton deny Bean's motion to remand, grant the Defendants'

---

[1] On August 26, 2019, Judge Gorton referred this case to the undersigned for full pretrial
management, including report and recommendation on dispositive motions.  Docket No. 7.

motions to dismiss, and dismiss the Complaint.

## I.    PROCEDURAL BACKGROUND

Bean filed this action in Massachusetts Superior Court on August 15, 2019. See Docket No. 12 at 2. On August 21, 2019, the BNYM Defendants removed the action to this Court. Docket No. 1. Bean filed a motion to remand the case to state court on September 3, 2019. Docket No. 9. The BNYM Defendants filed an opposition on September 13, 2019. Docket No. 13. They also filed a motion to dismiss the claims against them, which Bean opposed on September 27, 2019. Docket No. 19.

On September 4, 2019, Orlans filed a motion to dismiss. Docket No. 11. Bean filed an opposition on September 16, 2019. Docket No. 16. I heard oral argument on January 24, 2020.

## II.    FACTS

On or about March 14, 2007, Bean executed a promissory note in favor of Countrywide Home Loans, Inc. (the "Note"). Complaint at ¶ 9.[2] The obligations under the Note are secured by a mortgage (the "Mortgage") on the property located at 70 Arrowhead Drive, Eastham, Massachusetts (the "Property"). Id. at ¶¶ 6, 10. The Note recites a maturity date of April 1, 2037. Id. at ¶ 25. The Mortgage references the maturity date of the Note. Id.; Docket No. 15-1 at 1.[3]

---

[2] The Complaint can be found at Docket No. 12 at 46-136.

[3] The BNYM Defendants have attached the Mortgage to their memorandum of law in support of their motion to dismiss. Docket No. 15-1. Generally, for purposes of a motion to dismiss, the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd 248 F.3d 1127 (1st Cir. 2000). However, where, as here, "a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document (the authenticity of which is not challenged), the document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." In addition, the Court is not limited to the allegations in the complaint in deciding a motion to remand. See In re Fresenius

In or about 2009, the holder of the Note and Mortgage determined that Bean was in default and sent a notice of acceleration of the maturity date of the Note. Complaint at ¶ 12. On or about September 17, 2009, the holder of the Note and Mortgage also notified Bean of acceleration of all amounts due on the Note effective December 17, 2009. Id. at ¶¶ 13-14; see also id. at ¶ 26.

On April 26, 2012, Bean sued the BNYM Defendants, disputing their right to foreclose on the Property. Complaint at ¶ 19.[4] Defendants and/or their predecessors did not raise or assert any counterclaims in that action. Id. at ¶ 20. On or about October 22, 2018, Defendants filed a complaint in Massachusetts Land Court claiming authority to foreclose on the Property. Id. at ¶ 23. By letter dated July 8, 2019, Defendants "attempted to collect on the debt evidenced by the []Note and gave notice that they intended to foreclose on the MORTGAGE and to conduct a foreclosure sale of the [Property] on August 23, 2019 at 10:00 a.m." Id. at ¶ 24.

Beans lumps together all Defendants into all counts of the Complaint. Though not clear from the allegations in the Complaint, it appears that the Trustee is the current holder of the Mortgage. See Docket No. 13 at 2. Orlans is foreclosure counsel for the Trustee. See Docket No. 11 at 2. The Complaint contains twelve counts: (1) violations of Chapter 93A; (2) slander of title; (3) civil conspiracy; (4) quiet title; (5) negligence; (6) promissory estoppel; (7) negligent misrepresentation; (8) intentional/negligent infliction of emotional distress; (9) breach of fiduciary duty; (10) breach of contract; (11) declaratory judgment; and (12) accounting.

---

Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 321, 333 (D. Mass. 2015). Therefore, it is appropriate to consider the Mortgage in deciding the instant motions.

[4] I presided over that case. On September 18, 2012, I granted the BNYM Defendants' motion to dismiss. See Bean v. The Bank of New York Mellon, No. 12-cv-10930-JCB, at Docket No. 30.

III.    ANALYSIS

A.    Motion To Remand

Bean filed this action in Massachusetts Superior Court.  The Trustee and BNYM removed the action to this Court based on diversity of jurisdiction.  See Docket No. 1.  Bean has moved to remand the action to state court because defendant Orlans, like Bean, is a citizen of Massachusetts and, therefore, there is no diversity of citizenship among the parties.  Docket No. 9.  The BNYM Defendants argue that Orlans was fraudulently joined in this action and, therefore, its presence does not defeat diversity jurisdiction.  Docket No. 13 at 2-9.  For the following reasons, I recommend that Bean's motion to remand be denied.

1.    Standard Of Review

A district court must have subject matter jurisdiction in order for a removed case to remain in federal court.  In re Pharmaceutical Industry Average Wholesale Price Litig., 431 F. Supp. 2d 109, 116 (D. Mass. 2006) (citing 28 U.S.C. §§ 1441(a), 1447(c)).  The right to remove is "to be determined according to the plaintiff's pleading at the time of the petition for removal." Id. (quoting Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).  The removing party has the burden of showing the existence of federal jurisdiction.  BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997).  Further, "[t]he removal statute is strictly construed, and any doubts about the propriety of removal are resolved in favor of remand to the state forum."  In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d at 327 (citations omitted).

2.    Fraudulent Joinder

"A plaintiff may not thwart the exercise of a defendant's right of removal by fraudulently joining a non-diverse defendant who has no real connection to the case."  Id. (citing Univ. Truck

& Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014); Mills v. Allegiance

Healthcare Corp., 178 F. Supp. 2d 1, 4 (D. Mass. 2001)).  "The linchpin of the fraudulent joinder

analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact."

Id. (quoting Mills, 178 F. Supp. 2d at 4).  Therefore, in order to establish fraudulent joinder, a

removing defendant must establish that the plaintiff either (1) has committed fraud or (2) failed

to state a cause of action against the fraudulently joined defendant.[5]  See id. at 333; In re

Pharmaceutical Industry Average Wholesale Price Litig., 431 F. Supp. 2d at 118.

In determining whether the plaintiff has fraudulently joined a non-diverse defendant, the

Court is not bound by the allegations in the complaint and may consider affidavits and other

materials that bear on the question of whether there is a reasonable basis for joinder of a

defendant.  In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d at

333.  The defendants bear the burden of demonstrating fraudulent joinder by clear and

convincing evidence.  Id. at 332-333.  The Court must resolve all disputed facts and ambiguities

of law in favor of the non-removing party.  Id. at 333.

a.    Chapter 93A Claim

Bean alleges that Orlans violated M.G.L. c. 93A ("Chapter 93A") by attempting to

enforce a time-barred debt and obsolete mortgage.[6]  Docket No. 9 at 10-15; Docket No. 16 at 9-

---

[5] "'[F]raudulent joinder is a term of art used to describe not only the deceptive practice of joining
a resident solely to defeat diversity, but also an improper joinder' and does not necessarily mean
that the Plaintiff acted to mislead or deceive."  Carey v. Bd. of Governors of Kernwood Country
Club, 337 F. Supp. 2d 339, 341, n. 1 (D. Mass. 2004) (citations omitted).

[6] Bean's Chapter 93A claim is based on her statute of limitations arguments.  She now argues
that the Complaint alleges more but any such allegations are legal and conclusory in nature.  See,
e.g., Complaint at ¶¶ 54 (alleging that Defendants failed to comply with existing statutes, rules,
and regulations but not alleging what conduct violated those statutes, rules, and regulations); 72
(alleging the filing of false documents and documents failing to comply with certain laws and
regulations but again failing to explain why or how the documents were false or did not comply
with the applicable laws and regulations).  In addition, "Chapter 93A requires claimants to set

13.  Bean's Chapter 93A claim against Orlans is based on 940 C.M.R. §§ 7.03 and 7.07(24),

which state that it is an unfair or deceptive act or practice for a creditor engaging in collecting a

debt to attempt to collect a debt that the creditor knows, or has reason to know, is a time-barred

debt.  See Complaint at ¶¶ 52-53.  Bean argues that (1) the statute of limitations governing

actions on the Note expired on or about December 17, 2015 and (2) the Mortgage was

discharged by operation of law (based on the Massachusetts Obsolete Mortgages Statute) on or

about December 17, 2014, rendering it unenforceable.  See id.  Therefore, according to Bean,

Orlans' efforts to foreclose on the Property in 2018 and 2019 were unfair or deceptive acts or

practices pursuant to 940 C.M.R. § 7.07(24).  See id.  I disagree.

      i.     <u>Statute Of Limitations</u>

Massachusetts General Laws Chapter 106, § 3-118, provides, in relevant part:

> (a) Except as provided in subsection (e), an action to enforce the obligation
> of a party to pay a note payable at a definite time must be commenced
> within six years after the date or dates stated in the note or, if a due date
> is accelerated, within six years after the accelerated due date.

M.G.L. c. 106, § 3-118(a).  The Complaint alleges that the debt on the Note was accelerated to

December 17, 2009.  Complaint at ¶ 14.  Therefore, Bean argues that the statute of limitations as

to the Note expired on December 17, 2015.  See Docket No. 9 at 10-12.  Docket No. 16 at 10-11.

Section 3-118, however, does not apply to foreclosures.  <u>Simmons v. Deutsche Bank</u>

<u>Nat'l Trust Co.</u>, No. 18-cv-10136-ADB, 2018 WL 1924453, at *5 (D. Mass. April 24, 2018)

(citing <u>Duplessis v. Wells Fargo Bank, N.A.</u>, 91 Mass. App. Ct. 1125, 2017 WL 2332709, at *2

(Mass. App. Ct. May 30, 2017)).  "Although Section 3-118 might prevent a lender from

---

out specifically any activities in their demand letter as to which they seek relief.  Separate relief
on actions not so mentioned is foreclosed as a matter of law."  <u>Passatempo v. McMenimen</u>, 461
Mass. 279, 300 (2012) (citation omitted).  Bean's Chapter 93A demand letter asserts the
purported unenforceability of the Mortgage as the sole basis for recovery.  Docket No. 12.

collecting on an unpaid note that is more than six years overdue, '[t]hat does not mean . . . that [the mortgagee] cannot foreclose.'" Id.; see also Merritt v. Pensco Trust Co. Custodian FBO, No. 18 MISC. 000521, 2019 WL 1946833, at *4 (Mass. Land Ct. Apr. 30, 2019) ("[T]he remedy of foreclosure on the mortgage remains even after the statute of limitations has run on personal liability for the underlying debt."); Junior v. Wells Fargo Bank, N.A., No. 17-cv-10460-RGS, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017) ("[W]hile the mortgagee may not be able to bring an action for a deficiency under the note, it may still foreclose the mortgage.").[7]  Thus, Section 3-118 does not support Bean's theory for Chapter 93A liability.

ii.   Massachusetts Obsolete Mortgages Statute

The Massachusetts Obsolete Mortgages Statute provides, in relevant part, that:

> A power of sale in any mortgage of real estate shall not be exercised and an entry shall not be made nor possession taken nor proceeding begun for foreclosure of any such mortgage after the expiration of, in the case of a mortgage in which no term of the mortgage is stated, 35 years from the recording of the mortgage or, in the case of a mortgage in which the term or maturity date of the mortgage is stated, 5 years from the expiration of the term or from the maturity date, unless an extension of the mortgage, or an acknowledgment or affidavit that the mortgage is not satisfied, is recorded before the expiration of such period. . . . Upon the expiration of the period provided herein, the mortgage shall be considered discharged for all purposes without the necessity of further action by the owner of the equity of redemption or any other persons having an interest in the mortgaged property . . .

M.G.L. c. 260, § 33.  The Mortgage contains a stated maturity date of April 1, 2037.  Complaint at ¶ 25.  Bean argues that the acceleration notices issued in 2009 advanced the maturity date of

[7] Bean argues that her Chapter 93A claim is plausible because she has argued not only that the Defendants attempted to foreclose on a discharged and unenforceable mortgage, but also that they attempted to enforce the Note.  Docket No. 19 at 6-7.  However, the Complaint alleges only that the Defendants attempted to foreclose on the Mortgage.  See Complaint at ¶¶ 23, 24, 44, 50, 60.  It contains no factual allegations that the Defendants attempted to collect on the Note past December 17, 2015 by, for example, bringing an action for deficiency against Bean.

the Mortgage to December 17, 2009 and, therefore, the Mortgage became obsolete on December 17, 2014.  Complaint at ¶ 28; Docket No. 9 at 12-13.  That argument, however, has been rejected by many courts, including the U.S. Court of Appeals for the First Circuit.  Harry v. Countrywide Home Loans, Inc., 902 F.3d 16, 19 (1st Cir. 2018); see also Gelfgatt v. U.S. Bank Nat'l Ass'n, 321 F. Supp. 3d 202, 204-205 (D. Mass. 2018) (Gorton, J.); Harrington v. Cenlar FSB, No. 16 MISC 000013, 2018 WL 1724988, at *2 (Mass. Land. Ct. Apr. 6, 2018); Rose v. Bank of Am., No. 16-11558-FDS, 2017 WL 1381648, at *5 (D. Mass. Apr. 4, 2017), vacated in part on other grounds by Rose v. Bank of Am., 2017 WL 6063061 (D. Mass. Dec. 7, 2017) ("At least four judges in this district have rejected the argument plaintiff raises here.").  Thus, there is no support for Bean's argument and she has failed to state a Chapter 93A claim against Orlans.

  b.  Remaining Claims

  Bean's other claims against Orlans are derivative of the statute of limitations and Obsolete Mortgages Statute arguments or otherwise fail to state a claim upon which relief may be granted.

  i.  Slander Of Title

  Count II of the Complaint alleges slander of title.  Slander of title "is a tort action, dating back to the 1600's, involving real property which redresses 'interference with title to real estate by falsehoods which, although not personally defamatory, cause the plaintiff pecuniary loss through interference with . . . dominion over his property.'" Salloom v. Lister, 18 Mass. L. Rptr. 165, at * 2 (Mass. Super. 2004) (citations omitted). "To prove slander of title, a plaintiff must show that (1) the defendant made a false statement, (2) which was published with malice, and (3) caused injury to the plaintiff." Johnson v. Wilmington Trust, No. 16-cv-10422-IT, 2016 WL 5109510, at *5 (D. Mass. Sept. 20, 2016) (citation omitted).

Bean's slander of title is predicated on her allegation that the Defendants falsely stated that the Mortgage had not been invalidated or rendered unenforceable by operation of the statute of limitations and Obsolete Mortgages Statute.  See Complaint at ¶¶ 79, 81, 83.  As discussed above, the claim that the statute of limitations and Obsolete Mortgages Statute have rendered the Mortgage unenforceable lacks merit.  Therefore, Bean has failed to state a claim for slander of title.

ii.    Civil Conspiracy

Under Massachusetts law, the type of civil conspiracy alleged by Bean is not an independent cause of action.  See Grant v. John Hancock Mut. Life Ins. Co., 183 F. Supp. 2d 344, 363 (D. Mass. 2002).  Rather, it defines who may be liable for other's torts.  See id. (citing Kurker v. Hill, 44 Mass. App. Ct. 184, 188 (1998) (civil conspiracy involves "'concerted action,' whereby liability is imposed on one individual for the tort of another.").  "Because it is vicarious liability, this type of conspiracy requires an underlying tort."  Taylor v. Am. Chemistry Council, 576 F.3d 16, 35 (1st Cir. 2009) (citation omitted).

Bean appears to allege that the tortious conduct here was the Defendants' alleged attempt to wrongfully foreclose on the Property.  Complaint at ¶¶ 87, 89.  The allegation of wrongful foreclosure is based again on her unfounded theory that the Mortgage is time-barred and unenforceable.  Accordingly, there is no underlying tort and Bean has not stated a claim for civil conspiracy.

iii.    Quiet Title

In Count IV of the Complaint, Bean seeks to quiet title to the Property.  To the extent that an action to quiet title can be asserted against someone other than the mortgagee, Bean has also failed to state a claim.  This claim too appears to be based on her argument that the Mortgage

was discharged by the Obsolete Mortgages Statute.  <u>See</u> Complaint at ¶ 97 (alleging that the Defendants do not have the authority to sell or transfer the Property).  In any event, a quiet title action is not available to "a mortgagor whose debt is in arrears, because, until the mortgage is discharged, the title necessarily remains under a cloud." <u>Oum v. Wells Fargo, N.A.</u>, No. 11-11663, 2012 WL 390271, at *3 (D. Mass. Feb. 8, 2012), <u>abrogated on different grounds</u>, <u>Culhane v. Aurora Loan Servs. of Nebraska</u>, 708 F.3d 282, 290 (1st Cir. 2013).  Bean does not dispute that she is in arrears with respect to the Mortgage.  <u>See</u> Complaint at ¶¶ 12-13.  Accordingly, this claim is also subject to dismissal.

      iv.    <u>Negligence</u>

To prevail on a negligence claim, a plaintiff must prove, among other things, that the defendant owed the plaintiff a duty of care.  <u>Jupin v. Kask</u>, 447 Mass. 141, 146 (2006).  As the attorneys representing the mortgagee, Orlans owed no duty of care to Bean.  <u>See</u> <u>Horvath v. Adelson, Golden & Loria, P.C.</u>, 55 Mass. App. Ct. 1113, 2002 WL 1931997, at *2 (Aug. 21, 2002) ("A duty of care to non-clients cannot be imposed when a potential conflict of interest exists.").  Thus, Bean has also failed to state a claim for negligence against Orlans.

      v.    <u>Promissory Estoppel</u>

To prove a claim of promissory estoppel under Massachusetts law, "a plaintiff must allege that (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promise, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." <u>Neuhoff v. Marvin Lumber and Cedar Co.</u>, 370 F.3d 197, 203 (1st Cir. 2004) (citations omitted).  Bean has failed to allege a promise made to her by Orlans (or the BNYM Defendants) and how it was intended to induce reliance.  Thus, this claim also fails.

vi.   <u>Negligent Misrepresentation</u>

Bean's negligent misrepresentation claim is also based on the Defendants' alleged

misrepresentation that the Mortgage was enforceable.  <u>See</u> Complaint at ¶ 110.  As discussed

above, the claim that the Mortgage was no longer enforceable has no merit.

vii.   <u>Intentional/Negligent Infliction Of Emotional Distress</u>

This claim too is meritless as it is based on Bean's theory that the Mortgage was

unenforceable and, therefore, subject to dismissal.  <u>See</u> Complaint at ¶¶ 115 (alleging that

Defendants falsely represented that the Mortgage was enforceable and threatened to foreclose on

the Property as the basis for the claim).

viii.   <u>Breach Of Fiduciary Duty</u>

Bean's breach of fiduciary duty claim against Orlans fails because "Massachusetts law

makes it as plain as a pikestaff that an attorney does not owe a fiduciary duty to a person who she

does not represent."  <u>Balerna v. Gilberti</u>, 281 F.R.D. 63, 65, n. 4 (D. Mass. 2012) (citations

omitted).

ix.   <u>Breach Of Contract</u>

Bean's breach of contract claim appears to be based on the terms of the Mortgage.  <u>See</u>

Complaint at ¶¶ 130, 131.  However, Bean has not alleged that Orlans was a party to the

Mortgage.  Accordingly, she has failed to state a claim for breach of contract against Orlans.

x.   <u>Declaratory Judgment</u>

Bean seeks to have the Court declare that the non-judicial foreclosure sale be terminated

and converted to a judicial foreclosure action because she has brought "a court action to assert a

valid defense to sale."  Complaint at ¶ 137.  Bean has not cited to any Massachusetts law or

authority supporting such a conversion.  Bean's request to invalidate the Mortgage and "the

enforceability thereof" fails as a matter of law for the reasons discussed above.

     xi.    <u>Accounting</u>

Finally, Bean brings a claim for an accounting of all payments which she has made, all funds, payments, and value and income received by Defendants on account of the Note and the Mortgage.  Complaint at ¶ 143.  First, while she lumps all Defendants together, any such claim would be properly brought against the BNYM Defendants only as they are the recipients of any payments on the Note.

In addition, "[u]nder Massachusetts law, an equitable accounting is available only if there exists a fiduciary or trust relationship between the parties." <u>Bragel v. CitiMortgage, Inc.</u>, No. 14-10517-IT, 2014 WL 12774687, at *15 (D. Mass. Nov. 12, 2014) (quoting <u>Chedd-Angier Prod. Co., Inc. v. Omni Publ'ns Int'l, Ltd.</u>, 756 F.2d 930, 937 (1st Cir. 1985)).  As discussed above, it is well-established that an attorney does not owe a fiduciary duty to a person who she does not represent.  <u>Balerna</u>, 281 F.R.D. at 65, n. 4.  Therefore, Bean may not bring an accounting claim against Orlans.

For the foregoing reasons, Bean has failed to state a cause of action against Orlans.  As a result, under the doctrine of fraudulent joinder, removal is not defeated by inclusion of Orlans as a defendant in this case.  Accordingly, this Court recommends that Judge Gorton deny Bean's motion to remand and her request for sanctions against the BNYM Defendants and grant Orlans' motion to dismiss.

    B.    <u>The BNYM Defendants' Motion To Dismiss For Failure To State A Claim</u>

    1.    <u>Standard Of Review</u>

A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  For purposes of a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  See Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 17 (1st Cir. 2008).

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (citing Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  The Court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (citations omitted).

2.    Bean Has Failed To State A Claim Against The BNYM Defendants

For the same reasons stated above, Bean has failed to state a claim against the BNYM Defendants for Chapter 93A violations, slander of title, civil conspiracy, quiet title, promissory estoppel, negligent misrepresentation, intentional/negligent infliction of emotional distress, and declaratory judgment.  In addition, for the reasons discussed below, Bean has failed to state a claim against the BNYM Defendants on the remaining claims.

13

    a.    <u>Negligence</u>

Bean alleges that the BNYM Defendants are liable for common law negligence. Complaint at ¶¶ 99-104.  However, her claim is barred by the economic loss doctrine. Massachusetts law provides that, in negligence actions, "purely economic losses are unrecoverable . . . in the absence of personal injury or property damage."  <u>FMR Corp. v. Boston Edison Co.</u>, 415 Mass. 393, 395 (1993) (citation omitted).  In this case, Bean does not allege personal injury or property damage from the BNYM Defendants.  Accordingly, her negligence claim should be dismissed.

    b.    <u>Breach Of Fiduciary Duty</u>

The relationship between a mortgagor and mortgagee "is not a fiduciary relation except in the actual conduct of the power of sale."  <u>Bragel</u>, 2014 WL 12774687, at *15 (citations omitted).  Nevertheless, "[a] fiduciary relationship may arise [between borrower and lender] where the borrower reposes its trust and confidence in the lender and the lender knows of and accepts the borrower's trust."  <u>Id.</u> (citations omitted).  The Complaint does not allege any facts showing that Bean placed her trust on the BNYM Defendants and that the BNYM Defendants accepted that trust.  Bean's allegations assert no relationship beyond that of a lender and borrower.  Accordingly, the breach of fiduciary duty claim fails.

    c.    <u>Breach Of Contract</u>

Bean alleges that the BNYM Defendants breached the express terms of the mortgage, breached the implied covenant of good faith and fair dealing, and refused to honor the agreement in a fair and equitable manner.  Complaint, ¶¶ 129-135.  As a result, Bean alleges she suffered "damages."  Complaint, ¶ 135.

In order to state a claim for breach of contract, Bean must allege "that a valid, binding

contract existed, the defendant breached the terms of the contract, and [she] sustained damages as a result of the breach." Ford v. Lehman Capital, No. 10-40092, 2012 U.S. Dist. LEXIS 53551, at *16 (D. Mass. Apr. 17, 2012) (quoting Brooks v. AIG Sunamerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007)).  Under this standard, a plaintiff "must do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with 'substantial certainty,' the specific contractual promise the defendant failed to keep." Id.  Bean has failed to comply with this standard.  She alleges only, in a conclusory fashion, that "Defendants materially breached the express terms of the MORTGAGE, Paragraph 22, by refusing to discontinue non-judicial foreclosure activity and by refusing to cancel the scheduled foreclosure date, upon filing of this Complaint."  Complaint at ¶ 131.  She does not explain, and I am unable to determine, how Paragraph 22 would require the Defendants to discontinue the foreclosure upon the filing of the complaint.  This allegation appears to be based on the failed arguments about the Obsolete Mortgage Statute and the statute of limitations.

     To the extent that Bean is also attempting to bring a claim for breach of the implied covenant of good faith and fair dealing, she has failed to state a claim.  The covenant of good faith and fair dealing is implied in every contract. Smyth v. Am.'s Servicing Co., C.A. No. 14-13472-MLW, 2017 WL 1190374, at *11 (D. Mass. Mar. 30, 2017) (quoting Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 237 (1st Cir. 2013)).  The covenant of good faith and fair dealing requires that "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to the fruits of the contract." Young, 717 F.3d at 237-238 (citation omitted).  However, "the concept of good faith is shaped by the nature of the contractual relationship from which the implied covenant derives, and the scope of the covenant is only as broad as the contract that governs the particular relationship." Id. (quoting MacKenzie v.

Flagstar Bank, FSB, 738 F.3d 486, 493 (1st Cir. 2013)) (internal punctuation omitted).  "Usually, a breach of the implied covenant involves 'bad faith' conduct 'implicating a dishonest purpose, consciousness of wrong, or ill will in the nature of fraud.'"  Targus Grp. Int'l, Inc. v. Sherman, 76 Mass. App. Ct. 421, 435 (2010) (collecting cases).

Bean has not alleged any plausible bad faith or arbitrary conduct by the BNYM Defendants intending to deprive her of contractual benefits.  Therefore, Count X is also subject to dismissal.

   d.   Accounting

As discussed above, "[u]nder Massachusetts law, an equitable accounting is available only if there exists a fiduciary or trust relationship between the parties."  Bragel, 2014 WL 12774687, at *15 (quoting Chedd-Angier Prod. Co., Inc., 756 F.2d at 937).  "[T]he relationship between a lender and a borrower, without more, does not establish a fiduciary relationship." Cazales v. HSBC Bank, NA, No. 12-10263-RGS, 2012 WL 1969320, at *2, n. 11 (D. Mass. June 1, 2012) (quoting FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 102 (1st Cir. 2009)).  "A fiduciary relationship may arise in this context where the borrower reposes its trust and confidence in the lender and the lender knows of and accepts the borrower's trust."  FAMM Steel, Inc., 571 F.3d at 102.  Here, Bean has not alleged anything other than an arms-length lender-borrower relationship.  More is required.  See id.  Therefore, the accounting claim is also subject to dismissal as to the BNYM Defendants.

   C.   Plaintiff's Request For Sanctions

Bean requests sanctions against the BNYM Defendants, arguing that their motion to dismiss is frivolous.  Docket No. 19 at 12-13.  Given my recommendation that Judge Gorton should grant the BNYM Defendants' motion to dismiss, there is no basis for sanctions.

IV.     RECOMMENDATION

For the foregoing reasons, this Court recommends that Judge Gorton deny Bean's motion

to remand, grant Orlans and the BNYM Defendants' motions to dismiss and dismiss the

Complaint.

V.      REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any

party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of service of this Report and

Recommendation.  The written objections must specifically identify the portion of the proposed

findings, recommendations, or report to which objection is made, and the basis for such

objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

72(b) will preclude further appellate review of the District Court's order based on this Report

and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983

F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge